**LOCAL UNION 6054 BURIAL FUND,**
**Appellant,**

v.

**John WYATT, Jr., Appellee.**

Court of Appeals of Kentucky.

March 11, 1960.

———◆———

Grant F. Knuckles, W. R. Lay, Pineville, for appellant.

Doyle B. Inman, Harlan, for appellee.

MONTGOMERY, Chief Justice.

John Wyatt, Jr., recovered judgment against Local Union 6054 Burial Fund in the sum of $510 for burial benefits. The Fund has moved for an appeal. A single ground of the appeal is determinative.

Marvin Wyatt, appellee's brother, was killed while riding in an automobile driven by one David Parsons. Appellee, a member of the Fund, sued for benefits to pay his brother's burial expense.

Appellant insists that appellee is disqualified from receiving such burial benefits under Section 4 of its bylaws. It follows:

> "Any employee is entitled to Benefits, hereunder for a relative if he or she is supporting his relative who is not employed in any manner and who has lived in the same house with employee during the last six (6) months of his or her life and had no other means of support or funds for burial."

The no other funds clause is pertinent.

John Wyatt, Sr., the father, as administrator of his son's estate, sued Parsons for the wrongful death. The action was settled by payment to the administrator of the approximate sum of $3,000. Appellant argues that this sum recovered in a cause of action arising from the death of Marvin constitutes a fund for payment of his burial expense; hence, appellant is not liable under the quoted bylaw.

KRS 411.130 provides for an action for wrongful death and for the distribution of the amount recovered. Subsection (2) sets out that the amount recovered " * * * less funeral expenses and the cost of administration and costs of recovery, including attorney fees, not included in the recovery from the defendant, * * *" shall be for the benefit of the kindred of the deceased. It is expressly recognized that the funeral expenses are deductible from the amount recovered. As such, the amount recovered constitutes a fund available for the payment of such expenses.

Thus, there were "other * * * funds for burial."

The testimony on this point was undisputed. The motion for a directed verdict made by appellant at the close of all of the testimony and its motion for a judgment notwithstanding the verdict should have been sustained.

The motion for an appeal is sustained. The judgment is reversed with direction to enter judgment in favor of appellant.